In re ESTATE OF Horatio McCORD.

Court of Appeals of Tennessee, Middle Section.

Oct. 18, 1983.

Permission to Appeal Denied by Supreme Court Dec. 19, 1983.

---

1. *Gibson's Suits in Chancery,* §§ 1010–11 (4th    ed., 1937).

Robert L. Huskey, Manchester, for appellant.

L. Frank Mullinax, Chattanooga, W. Howell Forrester, Pulaski, for appellee.

## OPINION

TODD, Presiding Judge, Middle Section.

James H. Lawson, Richard E. Lawson, William T. Lawson, George H. McCord and F.C. McCord, Jr. have appealed from an order of the Chancellor overruling their motion for a summary judgment. The appeal must be dismissed because such an order is not appealable as of right, and no permission has been granted for appeal.

TRAP Rule 3(a) provides that an appeal as of right may be prosecuted only from a final judgment disposing of all issues and parties before the Trial Court in the case. An order overruling a motion for summary judgment leaves the entire suit for later trial and disposition, hence it cannot be a final, appealable judgment.

Since the dismissal of the appeal will result in remand for further proceedings, it is deemed advisable to examine and discuss the nature of the case, the jurisdiction of the Court and the proceedings reflected by the record.

During oral argument, counsel informed this Court that the record had been abridged, but the record contains no evidence that such occurred.

The first document in the record is an application addressed to T.C. Carroll, Judge of the County Court of Lewis County, Tennessee, seeking letters testamentary as to the estate of Horatio McCord. Upon said petition is endorsed the following:

To the Clerk of the County Court

File the within petition, and upon petitioner executing bond in the sum of $200,-000.00 issue letters as prayed for and make proper entry on minutes.

May 5, 1982,     s/ T.C. Carroll, Judge

There is no evidence of the filing of said petition or minute entry as ordered by the foregoing endorsement.

The next document in the record is a document entitled "Letters of Administration" executed and certified by the County Court Clerk of Lewis County.

There is no evidence of the filing, presentation, or authentication of the two preceding documents by the Chancery Court, except the certificate of the Clerk and Master at the conclusion of the technical record.

The next document in the record is addressed to the Chancery Court of Lewis County, Tennessee, and is entitled "Motion for Summary Judgment". Said document bears evidence of having been filed with the Clerk and Master on November 16, 1982, by the appellants. It requests the Court to hold null and void a quoted paragraph of the will of Horatio McCord on the ground that said quoted paragraph was inserted in the will after its execution.

The next document is a motion filed by the executors on December 11, 1982 requesting "dismissal" of the "Motion for Summary Judgment".

On the same date, the executors filed an answer which is not material to this appeal.

The record next contains two affidavits.

On January 25, 1983, Chancellor signed an order containing the following:

This cause came on to be heard on the 8th day of January, 1983, before the Honorable Henry Denmark Bell, sitting and holding Chancery Court of Lewis County, upon the Motion for Summary Judgement filed by attorney Robert L. Huskey, filed on behalf of certain relatives of the deceased, seeking therein that the Court hold pursuant to that Motion that certain provisions of the Will of the deceased were null and void as having been added to the Will after its normal execution. Said Motion was supported by an Affidavit of Tommy Joe Skelton, an Affidavit of John Robert Nettles, and a supplemental Affidavit of Tommy Joe Skelton. Upon the consideration of the Motion, supporting Affidavits, arguments of counsel, and from the entire file, the Court finds that the circumstances of this case are not such as to warrant the granting of a Summary Judgement Motion, in that even with the supporting Affidavits, indicating the preparation of the Will on approximately three typewriters, it is conceivable that proof could be offered showing the completion of the instrument on three machines and thereafter a proper execution. Considering all such factors, the Court is under the opinion that the Motion is not well taken and that the Motion should be denied.

IT IS THEREFORE ORDERED, that the Motion for Summary Judgement is hereby denied and that the Motion of the Estate to dismiss the Summary Judgement Motion or deny it is granted.

The issue of Court costs concerning this proceeding is hereby reserved until further ruling by the Court on this case.

The order is captioned "In the Chancery Court of Lewis County, Tennessee", the body of the order states that the motion was heard by the Chancery Court, and the signature of the Chancellor carries the title Chancellor. Nevertheless, the order bears the following notation:

"Probate Minute Book 1, Page 36."

█ Counsel explained during oral argument that the chancellor is authorized by statute to sit as judge of the Probate Court and as judge of Circuit Court. Even if this be true, orderly procedure and record keeping would require that the proceedings and actions thereon should be recorded separately for the three Courts.

█ It appears that a purported will was presented to the County Court and letters testamentary were issued thereon. Presumably, the will was probated in common form. If so, an interested party had the right to initiate a contest, even though the will had already been probated in common form.

█ It also appears that the present proceeding was an effort to contest a part of the will. A contest may challenge the validity of part of a will without challenging the entire will. 95 C.J.S. Wills § 319, p. 143.

█ A contest is not initiated by filing a motion for summary judgment or any other form of pleading in the Chancery Court.

Procedure for a will contest is specified in TCA Title 32 Chapter 4.

A person desiring to contest a will or any part thereof must file in the Probate (County) Court a petition to contest, giving notice to all interested parties. The only inquiry in Probate Court is whether the would-be contestant has standing to conduct the contest. If standing is shown, the Probate Court allows the contest and, upon filing of contestant's bond, the original will and the issue of devisavit vel non is certified to the circuit court where the contest is heard by a jury. No original will is found in this record. A photostatic copy of a purported will is attached to an affidavit of an expert as to the type found therein.

When the contest has been decided by the circuit court, the results are certified back to the Probate Court for further proceedings in the estate.

■ There is some suggestion that this is an equity proceeding for *interpreting* a will. The Chancery Court does indeed have jurisdiction of such a suit, but any proceeding to interpret a will should be deferred until the entire will is finally established as the valid last will and testament of the deceased.

■ Even though the same individual may be authorized by law to preside over proceedings in Probate, Chancery and Circuit Court, the proceedings for probate, contest, interpretation and administration of a will should be conducted in the proper court and recorded in the records of the proper court.

■ As stated above, no right of appeal exists in respect to the order from which appeal has been attempted. For this reason, the appeal is dismissed at the cost of appellants, and the cause is remanded to the Chancery Court for further proceedings.

Dismissed and Remanded.

CANTRELL and CONNER, JJ., concur.