# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### August 13, 2013 Session

## CITY OF MEMPHIS  v. KAREN LESLEY and CITY OF MEMPHIS CIVIL SERVICE COMMISSION

**Direct Appeal from the Chancery Court for Shelby County**
**No. CH-11-1858     Arnold Goldin, Chancellor**

**No. W2012-01962-COA-R3-CV - Filed October 7, 2013**

A Memphis police officer's employment was terminated without a pre-termination hearing because the City of Memphis was of the opinion that she was a probationary employee and not entitled to a hearing. The officer sought review of her termination, and the Memphis Civil Service Commission agreed with the City's position that the officer was a probationary employee and not entitled to a hearing. The officer filed a petition for review before the chancery court, and the chancery court reversed the Commission, finding that the officer had already completed her probationary period, and as a non-probationary employee, she was entitled to due process protections including a pre-termination hearing. This order was not appealed. On remand to the Commission, the City stipulated that the officer was not given a pre-termination hearing and sought to relitigate the issue of whether she was a probationary employee. The Commission declined to reconsider the issue and determined that the officer was denied procedural due process. The Commission reinstated the officer to her previous position of employment. The chancery court affirmed. Finding no error, we affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

ALAN E. HIGHERS, P.J., W.S., delivered the opinion of the Court, in which HOLLY M. KIRBY, J., and J. STEVEN STAFFORD, J., joined.

Herman Morris, Jr., City Attorney, Zayid A. Saleem, Assistant City Attorney, Memphis, Tennessee, for the appellant, City of Memphis

Clyde W. Keenan, Memphis, Tennessee, for the appellee, Karen Lesley

## OPINION

### I. FACTS & PROCEDURAL HISTORY

This case has a lengthy but significant procedural history. It began in October 2009, when police officer Karen Lesley was terminated from her employment with the Memphis Police Department. Officer Lesley had been employed with the Memphis Police Department since May 2008. She sought a review of her termination with the Memphis Civil Service Commission. In April 2010, the Commission ruled that Officer Lesley was still within her one-year probationary period of employment, and therefore, she was not entitled to a civil service hearing.[1] The Commission agreed with the City's position that although Officer Lesley was hired in May 2008, her one-year probationary period did not begin to run until she completed her police academy training on October 16, 2008, and therefore, she was still a probationary employee when she was terminated on October 13, 2009.

Officer Lesley filed a petition for writ of certiorari before the chancery court of Shelby County. After reviewing the relevant documents in the administrative record, and hearing the arguments of counsel, the chancery court entered an order in February 2011 reversing the Commission's decision. The chancery court's order included the following findings of fact, which are directly relevant to the issues before us:

> Petitioner Lesley was offered a full-time job with the Memphis Police Department in a letter dated May 12, 2008. She accepted that offer and began working on May 26, 2008, which initially consisted of attendance at the Memphis Police Training Academy for a period of nineteen weeks. . . .
> Lesley completed the Memphis Police Department training Academy and was assigned to the Uniform Patrol Division on October 16, 2008.
> On or about October 13, 2009 she was ordered to report to the office of MPD Deputy Chief David Martello. At that meeting she was summarily dismissed from her employment without any written notice of charges, a hearing or any summary of offenses alleged against her.
> . . . .
> The issue before the Court is when Lesley's probationary period commenced and its duration, in order to determine whether Lesley is entitled to her procedural due process rights including a Civil Service Hearing by the Memphis Civil Service Commission. Lesley's position is that she became a

---

[1] The Memphis City Charter provides, in Article 34, section 247, that "[a]ny employee holding a position not exempted from the provisions of this article and not in his initial probationary period" may appeal his or her termination to the Civil Service Commission.

full-time City employee on May 26, 2008.  When she began her attendance at the Memphis Police Academy, she attended classes 40 hours per week and was paid a weekly salary.  If the probationary period began on May 26,2008, Lesley would have completed her one year probationary period on or about May 27, 2009.  Lesley relies upon her job offer letter and the City Personnel Manual Policy. (R. Exhibit A; R. Exhibit 3).

The City has argued that Lesley's one year probation did not begin to run until she successfully completed the Training Academy on October 16, 2008. Therefore, her termination took place three (3) days prior to successfully completing probation, making her ineligible for a civil service hearing. The City points to the definition of "Probation Period" which is contained in the "Agreement" between the Memphis Police Association and the City of Memphis dated July 2, 2008 ("MOU").  The Agreement was made a part of Lesley's civil service preliminary hearing by way of the City's Motion to Supplement the Record of the Civil Service Commission. (R. Exhibit 2).

After discussing the language and import of the various documents at issue, the chancery court stated its ruling as follows:

The Court hereby holds that Lesley's one year probationary period commenced on the day she began her full-time employment with the City of Memphis on May 26, 2008.  As such, she completed her probationary period on or about May 27, 2009.  Therefore, according to Article 34, Sec. 240-248 of the Memphis City Charter, Lesley was entitled to procedural due process including a statement of charges, a *Loudermill* hearing and a full Civil Service Hearing following the termination of her employment.

The Memphis Civil Service decision denying Lesley a full hearing was arbitrary and capricious, unsupported by evidence that is both material and substantial, and in violation of statutory provisions.

Because Lesley was not a probationary employee Lesley was entitled to the "protected property rights" afforded to civil servants pursuant to *Loudermill v. Cleveland Board of Education*. 470 U.S. 545 (1985).  As such she was entitled to a *Loudermill* hearing which is a part of the "due process" requirement that must be provided to a government employee prior to removing or imparting the employment property rights.

The purpose of a "Loudermill hearing" is to provide an employee an opportunity to present his or her side of the story before the employer makes a decision on discipline. Prior to the hearing, the employee must be given a *Loudermill* letter—i.e. specific written notice of the charges and an explanation of the employer's evidence so that the employee can provide a

-3-

meaningful response, have an opportunity to correct factual mistakes in the investigation and to address the type of discipline being considered. The Memphis Police Department policy and procedures manual also provides for these protections. (Amended Petition for Writ of Cert- Exhibit 2).

The Court hereby remands this matter to the Memphis Civil Service Commission with instructions that:

> 1) Lesley is to be provided a full civil service hearing, as a non-probationary employee, pursuant to Memphis City Charter Article 34, Sec. 240-248; and
> 2) That the Commission is to review the failure of the Memphis Police Department to provide Lesley with a statement of charges (*Loudermill* letter) and hearing and address the effect of same, according to their jurisdiction.

The chancery court's order was not appealed.

On remand to the Civil Service Commission, both parties filed preliminary motions, which were denied. The matter was then set for a full hearing on August 19, 2011. At that hearing, the City sought to introduce seventeen additional exhibits in order to prove that Officer Lesley was in fact a probationary employee when she was terminated, contrary to the chancery court's ruling, and therefore, she was not entitled to any civil service protections or *Loudermill* protections, according to the City. Counsel for the City acknowledged that the record in the previous proceedings before the Civil Service Commission, and the chancery court, contained "limited information," and it claimed that there was "a wealth of other information out there that the City would like to present today in this hearing" regarding the issue of whether Officer Lesley was still serving her probationary period when she was terminated. In response, counsel for Officer Lesley argued that the chancery court's order had become final, and therefore, it had conclusively resolved that issue. The Civil Service Commission agreed, announcing that it was bound by the decision of the chancery court as "the law of the land," under the circumstances. Consequently, the Commission declined to consider the additional exhibits submitted by the City, but it permitted the City to introduce the additional exhibits in the form of an offer of proof.

As for the remaining issue of procedural due process, the Commission noted the chancellor's ruling that Officer Lesley, as a non-probationary employee, "was entitled to procedural due process including a statement of charges, a *Loudermill* hearing and a full Civil Service Hearing following the termination of her employment." The Chairman of the Commission asked the parties' attorneys whether the parties would be willing to stipulate as to the extent of the "process" that was afforded to Officer Lesley. Counsel for the City

summarized the City's position by stating, "at the end of the day, the City did not offer a full hearing to Ms. Lesley because the position of the City was she was a probationary employee and not entitled to such." He later reiterated, "Ms. Lesley was a probationary employee not entitled to the protections of Civil Service, so she was not given a hearing. . . . She was -- we go back to the same point: Why wasn't she given a hearing? She wasn't given a hearing because she was a probationary employee[.]" When asked about a statement of charges, counsel for the City stipulated that a statement of charges was *drafted*, but that it was never actually given to Officer Lesley, because, in the opinion of the City, she "wasn't entitled to it" because she was a probationary employee. After the Commission deliberated, it found that it had no choice but to dismiss the case and order Officer Lesley's reinstatement. Counsel for the City asked about the chancery court's instruction for the Commission to hold a "full hearing" on remand, to which the Chairman responded that hearings are sometimes resolved on motions to dismiss. He further stated, "for us to conduct a full hearing and occupy everyone's day hearing proof that may not really get us past that threshold is a waste of everybody's resources."

On September 15, 2011, the Civil Service Commission entered a written order referencing the chancery court's ruling that Officer Lesley was a non-probationary employee, and noting that the court had remanded the case for the Commission to determine whether she was afforded procedural due process in conjunction with her termination. The Commission's written order stated:

> Based upon the statements of the respective parties, it is undisputed that Ms. Lesley did not receive a statement of charges specifying any offenses for which she may have been subject to discipline, that an administrative hearing into Ms. Lesley's alleged disciplinary violations was not conducted, and that Ms. Lesley was not given an opportunity to be heard regarding such alleged disciplinary violations, prior to the decision to terminate her employment.

As a result, the Commission found that "the actions of the City in failing to afford Ms. Lesley procedural due process were unreasonable," and it reversed Officer Lesley's termination and reinstated her with full back pay and benefits.

The City filed a petition for review of the Commission's decision before the chancery court. The City argued, again, that Officer Lesley was a probationary employee when she was terminated, and therefore, she was not entitled to civil service protections. The City also argued that the Commission's decision to resolve the matter on a motion to dismiss was arbitrary and capricious, in light of the chancery court's prior order with instructions for the Commission to hold a full hearing. The City asked the chancery court to either uphold Officer Lesley's termination based upon a finding that she was a probationary employee, or

reverse the Commission's order reinstating Officer Lesley and remand for a full hearing.

In response, Officer Lesley argued that the issue of whether she was a probationary employee had already been resolved by the chancery court's prior order, which was not appealed, and therefore the City's continued argument regarding this issue was irrelevant. Officer Lesley also asserted that the Commission did not act arbitrarily or capriciously in rendering a decision without a full hearing because the City "admitted" that she was not provided with a statement of charges or a hearing prior to her termination.

The City filed a memorandum in response in which it argued, for the first time, that Officer Lesley *was* given a sufficient pre-termination hearing within the meaning of *Loudermill*. The City claimed that when Officer Lesley was summoned to the deputy chief's office, she was notified as to why she was being terminated, and while she "did not take the opportunity to respond," she was not denied the opportunity to do so. The City asserted that this was a sufficient pre-termination hearing. The City also argued that any inadequacies in Officer Lesley's pre-termination hearing could be cured if a full, post-termination hearing were held by the Civil Service Commission on remand.

After reviewing the record, and following a hearing, the chancery court entered an order upholding the Commission's decision to reinstate Officer Lesley. The chancery court declined to consider the additional evidence offered by the City regarding whether Officer Lesley was a probationary employee, stating that it had considered the record before it during the previous proceedings and made its decision. The chancellor noted during the hearing that the City could have produced whatever evidence it desired regarding Officer Lesley's probationary status at the original hearing before the Civil Service Commission, or even during the previous chancery court proceedings, as the City was well aware that the determinative issue was whether Officer Lesley was a probationary employee or not. As for the issue of due process, the chancery court determined that the Civil Service Commission's hearing on remand, and its resulting decision, "complied with the remand instructions of this Court's order[.]" The court agreed with the Commission's conclusion that Officer Lesley was denied due process in conjunction with her termination. Accordingly, it found that the Commission's decision was not arbitrary or capricious, unsupported by substantial and material evidence, in violation of constitutional or statutory provisions, in excess of the Commission's authority, or made upon unlawful procedure, as contemplated by Tennessee Code Annotated section 4-5-322(h), and the City's writ of judicial review was denied.

The City timely filed a notice of appeal to this Court.

-6-

## II.   ISSUES PRESENTED

The City of Memphis presents the following issues, as we perceive them, for review on appeal:

1.   Whether the chancery court impermissibly reweighed the evidence and substituted its judgment for that of the Commission when the court held, in its first order, that Officer Lesley was a non-probationary employee entitled to civil service protections;
2.   Whether the chancery court erred by failing to review and consider the entire record (i.e., the additional exhibits offered by the City on remand); and
3.   Whether the chancery court erred in upholding the Commission's finding that Officer Lesley's due process rights were violated in conjunction with her termination.

For the following reasons, we affirm the decision of the chancery court and remand for such further proceedings as may be necessary.

## III.   STANDARD OF REVIEW

On appeal, we review the Commission's decision using the same standard of review used by the chancery court. *Davis v. Shelby County Sheriff's Dep't*, 278 S.W.3d 256, 264 (Tenn. 2009). Judicial review is governed by the Uniform Administrative Procedures Act, Tenn. Code Ann. § 4-5-322. *See* Tenn. Code Ann. § 27-9-114(b)(1).

> (h) The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if the rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions or decisions are:
>
> (1) In violation of constitutional or statutory provisions;
> (2) In excess of the statutory authority of the agency;
> (3) Made upon unlawful procedure;
> (4) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
> (5)(A) Unsupported by evidence that is both substantial and material in the light of the entire record.
> (B) In determining the substantiality of evidence, the court shall take into account whatever in the record fairly detracts from its weight, but the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact.

-7-

Tenn. Code Ann. § 4-5-322.

## IV. DISCUSSION

### A. Probationary Status

The City's first argument on appeal is that the chancery court erred in reversing the decision of the Civil Service Commission and holding that Officer Lesley was a non-probationary employee. The chancery court made this ruling in its February 2011 order remanding the case to the Civil Service Commission. In response, Officer Lesley argues that the chancery court's February 2011 order was a final order, subject to appeal, and that the City's failure to appeal that order means that the rulings therein are not subject to review by this Court. The City, on the other hand, asserts that the February 2011 chancery court order was not a final order subject to appeal because the case was being remanded for further proceedings, and not all issues had been resolved at that point.

As noted above, Tennessee Code Annotated section 4-5-322(h) contains the familiar standard of judicial review that the chancery court utilizes to review decisions of the Memphis Civil Service Commission.[2] The next section, Tennessee Code Annotated section 4-5-323, provides that "[a]n aggrieved party may obtain a review of any final judgment of the chancery court under this chapter by appeal to the court of appeals of Tennessee." Tenn. Code Ann. § 4-5-323(a). "The procedure on appeal shall be governed by the Tennessee Rules of Appellate Procedure." Tenn. Code Ann. § 4-5-323(c).

Rule 3 of the Tennessee Rules of Appellate Procedure states that "[i]n civil actions every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right." Tenn. R. App. P. 3(a). Thus, the general rule in civil actions is that an appeal as of right may be taken only after entry of a final judgment. Tenn. R. App. P. 3, adv. comm'n cmt. The comment to Rule 3 explains that the Rule "offers a definition of finality in those circumstances in which multiple claims or multiple parties are involved," but it "does not otherwise define a final judgment because it is typically clear whether an order is final or interlocutory." In order to analyze whether an order operates as a final judgment, we must examine the parties' claims and the manner in which the trial court adjudicated those claims. *Ball v. McDowell*, 288 S.W.3d 833, 836 (Tenn. 2009). A final judgment "is one that resolves all of the parties' claims and leaves the court with nothing to

---

[2] Tennessee Code Annotated section 27-9-114(b)(1) provides that "[j]udicial review of decisions by civil service boards of a county or municipality which affects the employment status of a county or city civil service employee shall be in conformity with the judicial review standards under the Uniform Administrative Procedures Act, § 4-5-322."

adjudicate." *Id.* at 836-37 (citing *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003)).

In ***Richardson v. Tennessee Bd. of Dentistry***, 913 S.W.2d 446, 460 (Tenn. 1995), our Supreme Court reviewed a case with a procedural history comparable to the one before us, involving agency proceedings and two separate chancery court orders, in order to determine whether the first chancery court order was "final" and subject to preclusive effect. The case began with the Tennessee Board of Dentistry filing charges and a notice of civil penalty against a dentist for practicing without a license. *Id.* at 449. The Board of Dentistry set a contested case hearing for September 1990. *Id.* at 450. Six weeks before the hearing, in August 1990, the dentist filed with the Board a "Petition for Declaratory Order," seeking a declaration that the Board had no jurisdiction to penalize him because he was not licensed by the Board, and challenging the constitutionality of the civil penalty statute. *Id.* at 450. He also filed a motion to dismiss with the Board at that time, restating his constitutional arguments, but it was not ruled upon at that juncture. *Id.* at 450 n.3. The Board issued a declaratory order finding that it was authorized to assess a civil penalty against persons who were required to be, but were not, licensed, but the Board found that it was without jurisdiction to consider constitutional challenges to the statute. *Id.* at 450-51. The dentist sought judicial review of the declaratory order in chancery court under Section 4-5-322 of the Administrative Procedures Act.[3] *Id.* at 451. The chancellor affirmed the decision of the Board, finding no constitutional violations and finding that the Board was authorized to assess a penalty against an unlicensed person. *Id.* The dentist sought an interlocutory appeal, which the chancellor denied, finding his order to be a final order, not an interlocutory one. The dentist then sought an extraordinary appeal, which was denied by the Court of Appeals. *Id.*

Meanwhile, the motion to dismiss filed by the dentist was still pending before the Board, along with a motion to compel discovery and a motion in limine that had been filed by the State. *Id.* An administrative law judge denied the dentist's motion to dismiss and granted the State's motions. *Id.* The dentist then filed a second petition for review in the chancery court.[4] *Id.* The dentist argued, among other things, that his motion to dismiss should have been granted based upon several constitutional concerns. *Id.* The State argued

---

[3] The Supreme Court later explained that the Board's declaratory order was not to be considered interlocutory, but was "a final agency decision in a contested case proceeding" for purposes of appeal. ***Richardson***, 913 S.W.2d at 461.

[4] Any person aggrieved by a *final* decision in a contested case before an administrative tribunal is entitled to judicial review in chancery court pursuant to Tennessee Code Annotated section 4-5-322(a)(1). However, "preliminary, procedural, or intermediate" rulings may be reviewed immediately if the review of a final ruling would not provide an adequate remedy. Tenn. Code Ann. § 4-5-322(a)(1).

that the constitutional issues had already been decided by the chancery court in the first order, which the dentist did not appeal, and therefore the issues were barred by the doctrines of res judicata or collateral estoppel. After hearing argument, the chancellor found that the constitutional issues had been determined in the first chancery case, and it affirmed the order of the administrative law judge. *Id.* at 452. This time, the dentist appealed the chancery court's order to the Court of Appeals pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure. *Id.* The case eventually made its way to the Tennessee Supreme Court.

After explaining the lengthy procedural history of the case, the Supreme Court summarized the determinative issue before it: "The nature of this appeal does not require us to determine whether those findings [in the first chancery court order] were correct. Rather, we are concerned with whether that chancery court order was a final one, and, if so, whether certain determinations now form the basis for a res judicata or collateral estoppel defense." *Id.* at 459. The Court ultimately concluded that the first chancery court order was a final, appealable order, and therefore, the issues adjudicated in that order could not be revisited. The Court explained its reasoning as follows:

> Most cases interpreting what is meant by the term "final judgment" arise in the context of a Rule 3 appeal. Tenn. R. App. P. 3. In Tennessee, a judgment is final "when it decides and disposes of the whole merits of the case leaving nothing for the further judgment of the court." *Saunders v. Metropolitan Gov't of Nashville & Davidson County*, 214 Tenn. 703, 383 S.W.2d 28, 31 (1964). An order denying a motion for summary judgment, for example, is not a final judgment because the entire suit remains for disposition. *C.O. Christian & Sons Co., Inc. v. Nashville P.S. Hotel, Ltd. & Condel Const'n Co., Inc.*, 765 S.W.2d 754, 756 (Tenn. App. 1988), *perm. to appeal denied*, (Tenn. 1989) (quoting from *In Re Estate of McCord*, 661 S.W.2d 890, 891 (Tenn. App. 1983)). Likewise, the denial of a motion to dismiss does not end a lawsuit or constitute a final judgment. *Id.*
>
> The chancellor's January 3, 1992, Memorandum and Order was the final judgment in the initial chancery proceedings. *It conclusively determined all issues before the Chancery Court on their merits and left nothing for further judgment of that court.* Just as the agency's declaratory order was a final order subject to judicial review in the Chancery Court, the Chancery Court's Memorandum and Order was a final order subject to appeal under Section 4-5-323. The judicial review of the agency decision was not a continuation of the agency proceeding, but was an original judicial review proceeding under Section 4-5-323 subject to review by the appellate courts.
>
> Richardson made various efforts to appeal the Chancery Court judgment but failed to comply with the appellate procedure specified in

Section 4-5-323. That section provides:
> (a) An aggrieved party may obtain a review of any final judgment of the chancery court under this chapter by appeal to the court of appeals of Tennessee.
> . . .
> (c) The procedure on appeal shall be governed by the Tennessee Rules of Appellate Procedure.

Tenn. Code Ann. § 4-5-323 (1991 Repl.). Richardson did not comply with any of those requirements, and, therefore, the Chancery Court's Memorandum and Order is a final adjudication of the case.

*Id.* at 460-461. In sum, the chancery court's first order, on judicial review of the Board's declaratory order, was final and appealable because "the Chancery Court addressed all of the issues raised in the petition [for review]," *Id.* at 459, and there was nothing left for the chancery court to determine at that time. *Id.* at 460.

To recap, in the case before us on appeal, the Memphis Civil Service Commission ruled in April 2010 that Officer Lesley was still within her one-year probationary period of employment when she was terminated, and therefore, she was not entitled to a civil service hearing. Officer Lesley filed a petition for judicial review in chancery court, and the chancery court reversed the Commission's decision in February 2011. The chancery court found that Lesley was not a probationary employee, and therefore, she was entitled to procedural due process including a statement of charges, a *Loudermill* hearing and a full Civil Service Hearing following the termination of her employment. The City made no attempt to appeal this decision. On remand to the Commission, the City tried to re-argue the issue of whether Officer Lesley was a probationary employee, but the Commission declined to consider the issue again. The City tried to re-litigate the issue further in the second proceeding before the chancery court, and it tries to do so again on appeal to this Court.

We find that the City cannot re-litigate the issue of whether Officer Lesley was a probationary employee because that issue was resolved in the first chancery court proceeding, and that order was not appealed. As in **Richardson**, the chancery court's first order "conclusively determined all issues before the Chancery Court on their merits and left nothing for further judgment of that court." It is true that the chancery court's order remanded the case for further proceedings before the Commission, and that another hearing had yet to be held on remand. However, that does not mean that the chancery court's order resolving all issues pending before the court was not final. It was not necessary for a full evidentiary hearing to have taken place in order for the chancery court to issue a final order on the only issues before it. The chancery court was asked to review the correctness of the Commission's decision regarding Officer Lesley's probationary status, and it clearly did so.

-11-

After the matter was remanded to the Commission, it was entirely possible that the case may have never returned to the chancery court. This illustrates that the chancery court's order "left nothing for further judgment of that court." If the City desired to seek appellate review of the chancery court's decision, it should have appealed the chancery court's order to this Court, rather than trying to re-argue the issue on remand to the Commission.

Because the chancery court's order on Officer Lesley's probationary status became final when it was not appealed, we are precluded from considering the issue further on appeal.[5] *See Richardson*, 913 S.W.2d at 449 (holding that the chancery court's resolution of certain issues in the first chancery court proceeding, from which the appellant did not appeal, barred reconsideration of those issues). Between these parties, the chancery court's resolution of the issue of Officer Lesley's probationary status is final. *See id.* at 461.

Based upon our conclusion that the first chancery court order was final, we find no error in the decision of the Commission, or the chancery court, to decline to consider the additional evidence that the City offered on remand in support of its position that Officer Lesley was a probationary officer at the time of her termination.

### B.    *The Need for a Full Hearing*

Keeping in mind the finality of the chancery court's first order, we now turn to the chancery court's rulings contained in that order, and its instructions to the Commission on remand. The chancery court found that Officer Lesley, as a non-probationary employee, "was entitled to procedural due process including a statement of charges, a *Loudermill* hearing and a full Civil Service Hearing following the termination of her employment," according to Article 34, Sections 240 to 248 of the Memphis City Charter. The court found that the Civil Service Commission's decision to deny Officer Lesley a full hearing was arbitrary and capricious, unsupported by evidence that is both material and substantial, and in violation of statutory provisions. The chancery court's order stated:

> Because Lesley was not a probationary employee Lesley was entitled to the "protected property rights" afforded to civil servants pursuant to *Loudermill v. Cleveland Board of Education*. 470 U.S. 545 (1985). As such she was entitled to a *Loudermill* hearing which is a part of the "due process" requirement that must be provided to a government employee prior to removing or imparting the employment property rights.
> The purpose of a "Loudermill hearing" is to provide an employee an

___

[5] Given the procedural posture of the case, we express no opinion on whether the trial court erred in holding that Officer Lesley was not a probationary employee at the time she was discharged.

opportunity to present his or her side of the story before the employer makes a decision on discipline. Prior to the hearing, the employee must be given a *Loudermill* letter—i.e. specific written notice of the charges and an explanation of the employer's evidence so that the employee can provide a meaningful response, have an opportunity to correct factual mistakes in the investigation and to address the type of discipline being considered. The Memphis Police Department policy and procedures manual also provides for these protections. (Amended Petition for Writ of Cert- Exhibit 2).

The chancery court specifically found that during Officer Lesley's meeting with the police chief on the day of her termination, "she was summarily dismissed from her employment without any written notice of charges, a hearing or any summary of offenses alleged against her." The chancery court's order provided the following instructions for the Commission on remand:

> The Court hereby remands this matter to the Memphis Civil Service Commission with instructions that:
>
> 1)   Lesley is to be provided a full civil service hearing, as a non-probationary employee, pursuant to Memphis City Charter Article 34, Sec. 240-248; and
> 2) That the Commission is to review the failure of the Memphis Police Department to provide Lesley with a statement of charges (*Loudermill* letter) and hearing and address the effect of same, according to their jurisdiction.

At the hearing on remand, the Chairman of the Commission asked the parties' attorneys whether they could stipulate as to the extent of the "process" that was afforded to Officer Lesley. As set out in detail above, the City's attorney conceded that Officer Lesley "was not given a hearing" because the City believed that she was a probationary employee.[6] Counsel for the City also stipulated that a statement of charges was never given to Officer Lesley, because, in the opinion of the City, she was a probationary employee and "wasn't entitled to it." The City did provide Officer Lesley with a document stating that she was being terminated, and it listed several pre-printed possible reasons for termination, such as "Academics, Physical Training, Firearms, Duty Performance, or Just Cause," with boxes beside each reason listed. A mark was placed in the box beside "Just Cause," but there was no further explanation for the City's decision.

---

[6] Counsel for the City went so far as to say, "And I would submit to this Commission the City is prepared to put on proof that no P2P [probationary patrolman] within the last 10 years has ever been given a hearing where they were separated.  None."

Upon considering the undisputed facts with regard to Officer Lesley's termination, the Commission decided that a full hearing was not necessary, and that Officer Lesley should be reinstated. The Chairman commented that a full hearing would be "a waste of everybody's resources." We agree. Considering the stipulations made by counsel for the City, there was no need to hear further testimony or take additional evidence regarding the circumstances surrounding Officer Lesley's termination. The City admitted that Officer Lesley was not provided with a statement of the charges against her, nor was she provided with a hearing. "Two of the essential requirements of due process are pre-deprivation notice and an opportunity to be heard." *Thompson v. Memphis City Schools Bd. of Educ.*, 395 S.W.3d 616, 627 (Tenn. 2012). "These *minimal* requirements are constitutionally essential." *Id.* It is a "long-standing rule that an employee who has a constitutionally protected property interest in her employment is entitled by the Due Process Clause of the federal constitution to 'some kind of a hearing' before her discharge." *Bailey v. Blount County Bd. of Educ.*, 303 S.W.3d 216, 231 (Tenn. 2010) (citing *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 542, 105 S.Ct. 1487, 1487, 84 L.Ed.2d 494 (1985)). The hearing "need not be elaborate," but it is "necessary." *Id.* "The gravity of depriving a person of his employment mandates a pre-termination hearing to provide the employee an opportunity to respond to the charges against him." *Logan v. Civil Serv. Comm'n*, No. W2007-00324-COA-R3-CV, 2008 WL 715226, at *7 (Tenn. Ct. App. Mar. 18, 2008) (citing *Loudermill*, 470 U.S. 545-46). Accordingly, "[n]otice and opportunity for a hearing appropriate to the nature of the case *must precede* the deprivation of life, liberty or property." *Case v. Shelby County Civil Serv. Merit Bd.*, 98 S.W.3d 167, 172 (citing *Loudermill*, 470 U.S. at 541) (internal quotation omitted) (emphasis added).

The undisputed facts before the Commission established that the City failed to provide Officer Lesley with a pre-termination statement of the charges against her or a meaningful opportunity to be heard. The City's failure to afford to Officer Lesley the minimal constitutional safeguards of notice and a hearing violated her constitutional right to procedural due process. *See Thompson*, 395 S.W.3d at 627.

On appeal, the City has attempted to backpedal somewhat from its stipulations before the Civil Service Commission. The City now argues that it *did* provide Officer Lesley with a pre-termination "hearing," in the sense that she was notified on October 13, 2009 (the date of her termination) to report to the police chief's office, she was "fully aware that she had been under investigation for alleged policy violations," she was "advised as to the finding of the Internal Affairs investigation," and she "was not denied an opportunity to respond." Of course, the record before us does not contain any evidence to support these assertions, because the Civil Service Commission did not receive evidence about the details of the meeting in light of the City's unequivocal stipulation that Officer Lesley "was not given a hearing." The Commission Chairman asked counsel for the City, point blank, "Was there

an opportunity to be heard at a hearing?" Counsel for the City responded:

> Ms. Lesley was a probationary employee not entitled to the protections of Civil Service, so she was not given a hearing. . . . [W]e go back to the same point: Why wasn't she given a hearing? She wasn't given a hearing because she was a probationary employee.

In the Commission's written order, it specifically found:

> Based upon the statements of the respective parties, it is undisputed that Ms. Lesley did not receive a statement of charges specifying any offenses for which she may have been subject to discipline, that an administrative hearing into Ms. Lesley's alleged disciplinary violations was not conducted, and that Ms. Lesley was not given an opportunity to be heard regarding such alleged disciplinary violations, prior to the decision to terminate her employment.

Considering the stipulations made by the City during the proceedings below, we will not entertain the City's argument on appeal that Officer Lesley was in fact provided with a pre-termination "hearing" that comports with the requirements of procedural due process. *See* Tenn. R. App. P. 36(a) (stating that this Court is not required to grant relief "to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error"); *see also* **Hutson v. Safe Star Trucking**, No. E2012-00651-COA-R3-CV, 2012 WL 5354985, at *2 (Tenn. Ct. App. Oct. 31, 2012) ("the law does not permit a litigant to take one position at trial and a different and inconsistent position on appeal"). Based upon the City's stipulations, we find substantial and material evidence to support the Commission's findings that Officer Lesley did not receive a statement of charges specifying any offenses for which she may have been subject to discipline, she did not receive a pre-termination hearing, nor was she given the opportunity to be heard. The City's failure to afford these minimal constitutional safeguards violated Officer Lesley's right to procedural due process.

## V.   CONCLUSION

For the aforementioned reasons, we affirm the decision of the chancery court and remand for further proceedings as may be necessary. Costs of this appeal are taxed to the appellant, the City of Memphis, and its surety, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, P.J., W.S.

-15-