IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
July 11, 2018 Session

## THOMAS SUTHERLAND v. MP & T HOTELS, LLC, ET AL.

Appeal from the Circuit Court for Wilson County
No. 2014-CV-144     Clara W. Byrd, Judge

_____

No. M2018-00115-COA-R3-CV

_____

This appeal arises from a personal injury lawsuit. Thomas Sutherland ("Plaintiff") sued MP & T Hotels, LLC ("the Hotel") in the Circuit Court for Wilson County ("the Trial Court") for personal injuries after encountering noxious fumes in his hotel room. The Hotel raised the affirmative defense of comparative fault against Charles Stewart d/b/a Stewart and Son Termite and Pest Control ("Stewart"), who days before Plaintiff's stay had sprayed insecticides in several of the Hotel's rooms in keeping with a contract with the Hotel. Plaintiff thereafter sued Stewart as well. Plaintiff died during this case, and his son ("Substitute Plaintiff") was substituted.[1] For having to defend himself in this action, Stewart contends he is entitled to attorney's fees and expenses from the Hotel under a theory of implied indemnity. The Trial Court denied the parties' competing motions for summary judgment. Stewart appeals. Because the order appealed from is not a final judgment, this Court does not have subject matter jurisdiction, and this appeal must be dismissed. We, therefore, dismiss this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which RICHARD H. DINKINS and W. NEAL MCBRAYER, JJ., joined.

Reid D. Leitner and Matthew J. Anderson, Nashville, Tennessee, for the appellant, Charles Stewart d/b/a Stewart and Son Termite and Pest Control.

Karl M. Braun and Russell A. Newman, Nashville, Tennessee, for the appellee, MP & T Hotels, LLC d/b/a Knights Inn Lebanon.

_____

[1] Substitute Plaintiff is not participating in this appeal.

# OPINION

## Background

Plaintiff, a Florida resident traveling in Lebanon, Tennessee, stayed at the Hotel on March 23, 2013. During his stay at the Hotel, Plaintiff smelled noxious fumes and began suffering a variety of symptoms for which he was hospitalized. Plaintiff sued the Hotel for personal injuries. Plaintiff later died during the pendency of the case, and Substitute Plaintiff entered the case in his stead.

The Hotel, in its answer, raised the affirmative defense of comparative fault, identifying pest control man Stewart as possibly being at fault. Stewart, in accordance with a contractual agreement he had with the Hotel, had sprayed certain rooms on March 18, 2013, five days before Plaintiff's incident. However, it never was established whether Stewart sprayed the subject room. In an amended complaint, Plaintiff named Stewart as a defendant. Stewart, in turn, filed a counterclaim against Plaintiff. Stewart also filed a cross-claim against the Hotel for implied indemnity for attorney's fees and litigation expenses. The contract between Stewart and the Hotel contained no indemnity clause.

Stewart moved for summary judgment against Substitute Plaintiff, which was unopposed and granted. However, the Trial Court later vacated *sua sponte* its grant of summary judgment to Stewart on the basis that the order determined Stewart bore no fault in the incident even though the Trial Court never made any such determinations regarding fault. For its part, the Hotel apparently settled its case with Substitute Plaintiff, although the record contains no order of dismissal.

For having to defend himself, Stewart moved to recover his attorney's fees and expenses from the Hotel under a theory of implied indemnity. Stewart filed a motion for summary judgment and declaratory judgment against the Hotel. The Hotel filed its own motion for summary judgment against Stewart. At a December 2017 hearing, the Trial Court explained its basis for its ruling in an extended exchange with counsel, discussing as follows:

> MR. NEWMAN: I represent Knights Inn. It's MP&T Hotels, doing business as Knights Inn, in Lebanon. So we are here to oppose a motion for summary judgment by Charles Stewart, the pest control company. They're seeking attorney's fees --
> THE COURT: -- indemnity. I heard that part. What is your motion?
> MR. NEWMAN: We're filing a motion for summary judgment against them, against Charles Stewart, saying that we don't owe attorney's fees

because there's no legally cognizable claim in law or equity. So that is what we will be arguing.

THE COURT: Is that the last motion, or is there another motion?

MR. NEWMAN: Well, we're here for three separate issues. They filed a motion for declaratory judgment to establish the legal relationship of the parties. We're going to oppose that. They filed a motion for summary judgment, which, if granted, would give them attorney's fees. We're opposing that. And we filed a motion for summary judgment against them saying under the law, the American Rule, we don't owe any attorney's fees because each litigant pays the cost of their own defense.

THE COURT: Well, basically, at this point, I don't even have a real legitimate plaintiff. There should not be any more attorney's fees because at the next docket call, this case is going to be dismissed because, apparently, I'm not going to get an order of dismissal from a plaintiff's attorney.

MR. NEWMAN: Your Honor, for the purposes of attorney's fees and the indemnity, this is the plaintiff. They're the cross-plaintiff, and we're the cross-defendant. So Charles Stewart has sued Knights Inn. For the purposes of this motion for summary judgment, they are the plaintiff. So what we're going to be arguing -- and we know that these motions have been very time-consuming.

THE COURT: I'd say if you got this case settled for $15,000, y'all did a good job, so if we'll just let this case -- we don't have a plaintiff. I don't know what you're going to do about paying them, but your plaintiff died. Evidently, he was in Florida. We can pay it into the court and see who claims it, is all we can do.

MR. NEWMAN: And that's Knights --

THE COURT: And then dismiss it.

MR. NEWMAN: Yes, Your Honor, and that's Knights Inn's case with the plaintiff, but --

THE COURT: But the whole problem is, the plaintiff didn't live long enough to try this case. It will never, ever be decided who was at fault. You could both be zero at fault.

MR. NEWMAN: That's right, Your Honor.

THE COURT: It could have been a plaintiff with some kind of allergy attack. We'll never, ever know that.

MR. NEWMAN: That's right, Your Honor.

THE COURT: Which is really an undisputed fact that we will never know what happened.

MR. ANDERSON: And it is our position that that is a red herring because the standard of review -- what happened is, Knights Inn was sued because

-3-

they raised an affirmative defense, which ultimately brought Charles Stewart in the case. So looking back in hindsight is not the standard of review in determining whether there are attorney's fees. It's the American Rule. There's a contract, and there's no mention of attorney's fees, so our position is that summary judgment can be granted. The plaintiff is here asserting a claim for implied indemnity, and under the law, there's no statute that awards him attorney's fees, and there's no contract that has an express provision for attorney's fees, and there's no equitable claim. I mean --

THE COURT: So why would you get -- but you're --

MR. NEWMAN: Their cause of action is dividing by zero. It cannot be done. So that's why we're entitled to summary judgment.

THE COURT: I'm just going to deny both motions for summary judgment based on the fact that it has never been determined who was at fault, or if anyone was at fault. This Court did not hear proof that would prove who was at fault.

MR. NEWMAN: That's right.

THE COURT: There are many allegations, but there were many disputed facts.

MR. NEWMAN: That's right, Your Honor, and that --

THE COURT: And the plaintiff died prematurely, before the case could go to trial. The plaintiff is out of state, which complicates this case, and in Tennessee, without an express contract concerning attorney's fees, no one is entitled to attorney's fees, and without an express agreement for indemnity, there is no indemnity.

MR. NEWMAN: And that's our position, Your Honor. What we're saying --

THE COURT: If you got out of this case and settled it for 15,000, and they got out of this case and settled it for zero, then you both did great.

MR. NEWMAN: Yes, Your Honor. But we've been sued for attorney's fees, and our position is that any allegation of fault has no bearing on the case on the claim for -- it's a contractual issue. Under Tennessee, the American Rule applies, and we're asking the Court to grant our summary judgment because they're not entitled to attorney's fees for having to defend the case. I mean, each party pays their own way, and any allegation of fault is just a red herring. This is a contract case. This is not a tort case. So there's nothing in the contract, there's no express provision, no statute on point, and they don't have a claim in equity. So we're not -- we don't owe them attorney's fees, so that's why we're asking the Court to grant our motion for summary judgment to uphold the American Rule that says each party is responsible for paying their own attorney's fees.

THE COURT: Okay.

MR. NEWMAN: They've sued us for attorney's fees, and we're saying we don't owe it, and we filed a motion for summary judgment.

THE COURT: But you're not saying they owe your attorney fees.

MR. NEWMAN: That's right, Your Honor. We are --

THE COURT: You're not saying they owe you money.

MR. NEWMAN: No, Your Honor.

THE COURT: Okay. I thought your motion for summary judgment was for them to pay your --

MR. NEWMAN: No, Your Honor. We just want out of the case and the case to be over, and our position is, we don't owe attorney's fees, and granting our motion for summary judgment would say we don't owe your attorney's fees, each party pays the cost of their own litigation. So we're asking you to deny their summary judgment which would give them attorney's fees, but we're not seeking attorney's fees from them. We just want to be done.

THE COURT: If that's what you're asking me, fine.

***

THE COURT: The order I will sign says that neither party will pay attorney fees, nor do they owe any duty to pay attorney fees to the other parties.

MR. NEWMAN: All we're saying, Your Honor, that is Knights Inn's motion for summary judgment. We're saying we don't owe attorney's fees, and we're not asking for them to pay our attorney's fees, but we can put it in there, that neither party owes it, and then the Court is granting Knights Inn's motion for summary judgment.

THE COURT: Well, that's more in your motion than you've got, so I'd rather just say all summary judgment motions are, quote, denied, and the Court declares -- puts down a declaratory judgment.

The Trial Court subsequently entered an order denying the competing motions for summary judgment, as well as vacating its earlier grant of summary judgment to Stewart. The Trial Court's December 15, 2017 purported final judgment states as follows, in its entirety:

This cause came to be heard on December 6, 2017, upon Defendant/Cross-Plaintiff Charles Stewart d/b/a Stewart and Son Termite and Pest Control's (hereinafter "Charles Stewart") Motion for Declaratory Judgment and Motion for Summary Judgment, and Defendant/Cross-

-5-

Defendant MP&T Hotels, LLC d/b/a Knights Inn Lebanon's (hereinafter "Knights Inn") Motion for Summary Judgment and the Response thereto.

Consequently, in light of the findings of this Court in the above-referenced hearing,

It is therefore **ORDERED, ADJUDGED AND DECREED** that Charles Stewart's Motion for Summary Judgment against Plaintiff be, and is hereby VACATED and SET ASIDE.

It is **ORDERED, ADJUDGED AND DECREED** that Charles Stewart's Motion for Declaratory Judgment be, and hereby is DENIED.

It is **ORDERED, ADJUDGED AND DECREED** that Charles Stewart's Motion for Summary Judgment be, and hereby is DENIED.

It is **ORDERED, ADJUDGED AND DECREED** that Knights Inn's Motion for Summary Judgment be, and hereby is DENIED.

It is **ORDERED, ADJUDGED AND DECREED** that Tennessee has adopted the American Rule, whereby each party pays the cost of their own attorneys' fees and litigation expenses. Neither party will pay attorneys' fees, nor do they owe any duty to pay attorneys' fees, to the other parties.

It is further **ORDERED, ADJUDGED AND DECREED** that pursuant to the Tennessee Rules of Civil Procedure, the court enters final judgment as to the aforementioned claims, there being no reason for just delay.

Stewart appeals to this Court.

## Discussion

Stewart raises several issues on appeal, and the Hotel raises its own separate issue. However, we discern an issue as to whether the judgment was final, and we are constrained to first consider whether we have subject matter jurisdiction to hear this appeal.

The Tennessee Rules of Appellate Procedure define an appeal as of right from a final judgment as follows:

In civil actions every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right. Except as otherwise permitted in Rule 9 and in Rule 54.02 Tennessee Rules of Civil Procedure, if multiple parties or multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or

-6-

appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties.

Tenn. R. App. P. 3(a).

A final judgment is "one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.' " *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). "[A]ny trial court order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable as of right." *State ex rel. Garrison v. Scobey*, No. W2007-02367-COA-R3-JV, 2008 WL 4648359, at *5 (Tenn. Ct. App. Oct. 22, 2008), *no appl. perm. appeal filed*. This Court does not have subject matter jurisdiction to adjudicate an appeal if there is no final judgment. The Tennessee Supreme Court has recognized that "[u]nless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only." *Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990). *See also Ruff v. Raleigh Assembly of God Church, Inc.*, 241 S.W.3d 876, 877 at n. 1 (Tenn. Ct. App. 2007).

The Trial Court denied both parties' motions for summary judgment and Stewart's motion for declaratory judgment to ostensibly dispose of the case. However, "[a]n order overruling a motion for summary judgment leaves the entire suit for later trial and disposition, hence it cannot be a final, appealable judgment." *In re Estate of McCord*, 661 S.W.2d 890, 891 (Tenn. Ct. App. 1983). The Trial Court effectively left the case unresolved. In addition, although the Hotel filed a notice of "dismissal with prejudice" regarding Plaintiff's claims against it, the record contains no order of dismissal. Four distinct lawsuits are at issue: (1) Plaintiff's lawsuit against the Hotel; (2) Plaintiff's lawsuit against Stewart; (3) Stewart's counter-claim against Plaintiff; and (4) Stewart's cross-claim for implied indemnity against the Hotel. None of these claims appear to have been adjudicated to their conclusion, be it through a settlement order, a grant of summary judgment, the result of a trial, or some other final disposition. The Trial Court's December 15, 2017 purported final judgment fails to resolve all the claims before it including the claims between the parties on appeal. This is so even though the Trial Court attempted to make the judgment a final judgment by including Tenn. R. Civ. P. 54.02 language that "there is no just reason for delay . . . ." Before we can review the Trial Court's decision for error, the Trial Court has to decide. On remand, all claims between all parties must be adjudicated or otherwise resolved formally by judgment or order.

We prefer to address appeals on their merits. Nevertheless, a final judgment generally is a prerequisite for an appeal as of right. Because the order appealed from is

not a final judgment, this Court does not have subject matter jurisdiction, and the appeal is dismissed.

## **Conclusion**

The appeal is dismissed for lack of a final judgment, and this cause is remanded to the Trial Court for collection of the costs below and further proceedings consistent with this Opinion.  The costs on appeal are assessed against the Appellant, Charles Stewart d/b/a Stewart and Son Termite and Pest Control, and his surety, if any.

_____
D. MICHAEL SWINEY, CHIEF JUDGE