IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
June 20, 2018 Session

## CHARLES REED v. WEST TENNESSEE HEALTHCARE, INC., ET AL.

Interlocutory Appeal from the Circuit Court for Madison County
No. C-16-262      Kyle Atkins, Judge

No. W2018-00227-COA-R9-CV

We granted this Rule 9 interlocutory appeal in this healthcare liabilty action to consider whether termination of representation by plaintiff's prior legal counsel a few weeks before the expiration of the statute of limitations in this healthcare liability action constitutes sufficient extraordinary cause to excuse (1) plaintiff's failure to wait at least sixty days to file the complaint after providing pre-suit notice as required by Tenn. Code Ann. § 29-26-121; and, (2) plaintiff's failure to file a Certificate of Good Faith with the complaint as required by Tenn. Code Ann. § 29-26-122.  We find and hold that the Trial Court did not err in finding and holding that termination of representation by plaintiff's prior legal counsel a few weeks before the expiration of the applicable statute of limitations does constitute the type of extraordinary cause sufficient to excuse plaintiff's failure to comply with Tenn. Code Ann. §§ 29-26-121 and 29-26-122.  We, therefore, affirm the Trial Court's orders denying the motions to dismiss.

**Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Circuit Court Affirmed Case Remanded**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which ARNOLD B. GOLDIN and KENNY W. ARMSTRONG, JJ., joined.

Patrick W. Rogers, Jackson, Tennessee, for the appellants, West Tennessee Healthcare, Inc. and Jackson-Madison County General Hospital District.

Edgar Davison, Memphis, Tennessee, for the appellee, Charles Reed.

## OPINION

## Background

On October 18, 2015, Charles Reed ("Plaintiff") suffered a work-related injury to his left hip and was transported to the Jackson Madison County General Hospital District ("the Hospital") emergency room. While in the Hospital being treated, Plaintiff allegedly fell causing injury to his left knee and lumbar spine.

On June 6, 2016, Plaintiff hired an attorney to file a health care liability action on his behalf with regard to the alleged fall in the Hospital. A few weeks before the expiration of the applicable statute of limitations and before suit was filed, Plaintiff's counsel terminated his representation.[1]

Plaintiff sent a letter dated October 7, 2016 to the Hospital's Interim Chief Executive Officer asserting that he had suffered injury due to the negligence of the Hospital's employee and demanding compensation in the amount of $2,128,168.80 for medical bills, lost income, and pain and suffering. On October 14, 2016, within the statute of limitations, Plaintiff filed a pro se complaint against West Tennessee Healthcare, Inc. and the Hospital (collectively "Defendants"). Plaintiff failed to attach a Certificate of Good Faith to his complaint. After filing suit, Plaintiff hired his current counsel.

Defendants filed a motion to dismiss alleging that Plaintiff had failed to comply with Tenn. Code Ann. § 29-26-122 by failing to file a Certificate of Good Faith with the complaint. Plaintiff filed a response to the motion to dismiss accompanied by, among other things, a Certificate of Good Faith. After a hearing, the Trial Court entered its order on May 9, 2017 denying the motion to dismiss after finding and holding, *inter alia*:

> Specifically, Plaintiff has demonstrated to this Court that his prior legal counsel terminated the representation of Plaintiff only a few weeks before the statute of limitations expired. This Court finds that the termination of this legal employment shortly before the expiration of the statute of limitations provides extraordinary cause for Plaintiff's failure to file a Certificate of Good Faith.

Defendants filed a motion for interlocutory appeal of the Trial Court's order denying their motion to dismiss.

---

[1] The record now before us on appeal is devoid of any evidence suggesting or showing that counsel terminated the representation due to any fault of Plaintiff.

2

Defendants filed a second motion to dismiss alleging that Plaintiff had failed to comply with Tenn. Code Ann. § 29-26-121 by failing to give pre-suit notice sixty days prior to filing the complaint, by failing to provide a HIPPA compliant medical authorization along with pre-suit notice, by failing to file an affidavit of the party mailing the notice, and by failing to state that Plaintiff had complied with Tenn. Code Ann. § 29-26-121(a). After a hearing, the Trial Court entered its order on August 28, 2017 denying the motion to dismiss after finding and holding, *inter alia*:

> Specifically, the Plaintiff has demonstrated to this Court that his prior legal counsel terminated the representation of Plaintiff only a few weeks before the statute of limitations expired. The Court finds that the Healthcare Liability Act did not contemplate a party, who had hired a lawyer to handle the technical aspects of an action, having to learn the Healthcare Liability Act in two (2) weeks and therefore, extraordinary cause has been shown. The Court finds that the termination of this legal employment shortly before the expiration of the statute of limitations provided extraordinary cause for Plaintiff's failure to comply with Tenn. Code Ann. § 29-26-121[.]

Defendants filed a second motion for interlocutory appeal. After a hearing on the two motions for interlocutory appeal, the Trial Court entered its order on February 2, 2018 granting the motions. Defendants filed for an interlocutory appeal to this Court, and by order entered February 27, 2018, this Court granted Defendants an interlocutory appeal.

## Discussion

We granted this interlocutory appeal to consider two issues[2]: 1) whether the termination of representation by Plaintiff's prior legal counsel a few weeks prior to the expiration of the applicable statute of limitations constitutes sufficient extraordinary cause to excuse Plaintiff's failure to wait at least sixty days after service of a letter purporting to be pre-suit notice before filing the complaint as required by Tenn. Code Ann. § 29-26-121; and, 2) whether the termination of representation by Plaintiff's prior legal counsel a few weeks prior to the expiration of the applicable statute of limitations constitutes sufficient extraordinary cause to excuse Plaintiff's failure to file a Certificate of Good Faith with the complaint as required by Tenn. Code Ann. § 29-26-122. Thus,

---

[2] In his brief on appeal, Plaintiff attempts to raise other issues. The Trial Court granted the motion to seek an interlocutory appeal, and this Court granted an interlocutory appeal, to consider only the two issues as stated.

3

what we are considering is whether the Trial Court erred in finding and holding that Plaintiff demonstrated extraordinary cause.

Our Supreme Court has instructed:

The proper way for a defendant to challenge a complaint's compliance with Tennessee Code Annotated section 29–26–121 and Tennessee Code Annotated section 29–26–122 is to file a Tennessee Rule of Procedure 12.02 motion to dismiss. In the motion, the defendant should state how the plaintiff has failed to comply with the statutory requirements by referencing specific omissions in the complaint and/or by submitting affidavits or other proof. Once the defendant makes a properly supported motion under this rule, the burden shifts to the plaintiff to show either that it complied with the statutes or that it had extraordinary cause for failing to do so. Based on the complaint and any other relevant evidence submitted by the parties, the trial court must determine whether the plaintiff has complied with the statutes. If the trial court determines that the plaintiff has not complied with the statutes, then the trial court may consider whether the plaintiff has demonstrated extraordinary cause for its noncompliance. If the defendant prevails and the complaint is dismissed, the plaintiff is entitled to an appeal of right under Tennessee Rule of Appellate Procedure 3 using the standards of review in Tennessee Rule of Appellate Procedure 13. If the plaintiff prevails, the defendant may pursue an interlocutory appeal under either Tennessee Rule of Appellate Procedure 9 or 10 using the same standards.

Because the trial court's denial of the Defendants' motion involves a question of law, our review is de novo with no presumption of correctness. *Graham v. Caples*, 325 S.W.3d 578, 581 (Tenn. 2010). The question of whether [a plaintiff] has demonstrated extraordinary cause that would excuse compliance with the statutes is a mixed question of law and fact, and our review of that determination is de novo with a presumption of correctness applying only to the trial court's findings of fact and not to the legal effect of those findings. *Starr v. Hill*, 353 S.W.3d 478, 481–82 (Tenn. 2011). We review the trial court's decision to excuse compliance under an abuse of discretion standard. "A court abuses its discretion when it applies an incorrect legal standard or its decision is illogical or unreasonable, is based on a clearly erroneous assessment of the evidence, or utilizes reasoning that results in an injustice to the complaining party." *Wilson v. State*, 367 S.W.3d 229, 235 (Tenn. 2012) (citing *Wright ex rel. Wright v. Wright*, 337 S.W.3d 166, 176 (Tenn. 2011)). We examine the legal

sufficiency of the complaint and do not consider the strength of the plaintiff's evidence; thus, all factual allegations in the complaint are accepted as true and construed in flavor of the plaintiff. *Lind v. Beaman Dodge, Inc.*, 356 S.W.3d 889, 894 (Tenn. 2011).

*Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300, 307-08 (Tenn. 2012).

As pertinent to this appeal, Tenn. Code Ann. § 29-26-121 provides:

(a)(1) Any person, or that person's authorized agent, asserting a potential claim for health care liability shall give written notice of the potential claim to each health care provider that will be a named defendant at least sixty (60) days before the filing of a complaint based upon health care liability in any court of this state.

* * *

(b) If a complaint is filed in any court alleging a claim for health care liability, the pleadings shall state whether each party has complied with subsection (a) and shall provide the documentation specified in subdivision (a)(2). The court may require additional evidence of compliance to determine if the provisions of this section have been met. The court has discretion to excuse compliance with this section only for extraordinary cause shown.

Tenn. Code Ann. § 29-26-121 (Supp. 2016).

In pertinent part, Tenn. Code Ann. § 29-26-122 provides:

(a) In any health care liability action in which expert testimony is required by § 29-26-115, the plaintiff or plaintiff's counsel shall file a certificate of good faith with the complaint. If the certificate is not filed with the complaint, the complaint shall be dismissed, as provided in subsection (c), absent a showing that the failure was due to the failure of the provider to timely provide copies of the claimant's records requested as provided in § 29-26-121 or demonstrated extraordinary cause.

Tenn. Code Ann. § 29-26-122 (2012).

In *Meyers*, our Supreme Court explained:

Both statutes provide that compliance may be excused under specifically described conditions. Tennessee Code Annotated section 29–26–121 allows the trial court to exercise "discretion to excuse compliance . . . only for extraordinary cause shown." Tenn. Code Ann. § 29–26–121(b). The statute does not define "extraordinary cause," and the statute's legislative history does not indicate that the legislature intended to assign a meaning to that phrase other than its plain and ordinary meaning. "Extraordinary" is commonly defined as "going far beyond the ordinary degree, measure, limit, etc.; very unusual; exceptional; remarkable." *Webster's New World Dictionary of the American Language*, 516 (1966); *see also State v. Vikre*, 86 N.C. App. 196, 356 S.E.2d 802, 804 (1987) (adopting dictionary definition of extraordinary cause as "going beyond what is usual, regular, common, or customary . . . of, relating to, or having the nature of an occurrence or risk of a kind other than what ordinary experience or prudence would foresee"). One legal scholar, commenting on Tennessee Code Annotated sections 29–26–121 and 122, has noted that possible examples of "extraordinary cause" might include "illness of the plaintiff's lawyer, a death in that lawyer's immediate family, [or] illness or death of the plaintiff's expert in the days before the filing became necessary."

*Myers*, 382 S.W.3d at 310-11 (footnote omitted).

The Trial Court found that Plaintiff had demonstrated extraordinary cause to excuse his failure to comply with both of the statutory sections by showing that Plaintiff's prior legal counsel had terminated the representation a few weeks before the expiration of the statute of limitations. Defendants argue in their brief on appeal that the termination of representation, which led to Plaintiff filing his complaint pro se, is insufficient to constitute extraordinary cause.

In their brief on appeal, Defendants argue that being pro se does not constitute extraordinary cause to excuse compliance with Tenn. Code Ann. §§ 29-26-121 and 29-26-122. While we do not disagree with this statement, it is not the entire factual situation here. Defendants cite to *Kinsey v. Schwarz* and *Mathes v. Lane* in support of this argument. *Kinsey v. Schwarz*, No. M2016-02028-COA-R3-CV, 2017 WL 3575895, at *9 (Tenn. Ct. App. Aug. 18, 2017), *appl. perm. appeal denied Dec. 6, 2017* (analogizing case to *Mathes v. Lane*); *Mathes v. Lane*, No. E2013-01457-COA-R3-CV, 2014 WL 346676 (Tenn. Ct. App. Jan. 30, 2014), *no appl. perm. appeal filed* (upholding trial court's finding that being pro se and incarcerated was insufficient to constitute extraordinary cause). Defendants also point out that that hiring an attorney just before the running of the statute of limitations and claimed ignorance of the law both have been

held to be insufficient to constitute extraordinary cause. *See Cude v. Herren*, No. W2010-01425-COA-R3-CV, 2011 WL 4436128 (Tenn. Ct. App. Sept. 26, 2011) (upholding trial court's determination that no extraordinary cause was shown when plaintiff hired her attorney only seven days prior to the running of the saving statute), *no appl. perm. appeal filed*; *J.A.C. v. Methodist Healthcare Memphis Hosps.*, 542 S.W.3d 502, 517 (Tenn. Ct. App. 2016) (holding that claimed ignorance of the law was insufficient to constitute extraordinary cause). Again, neither of these is the factual situation here. Thus, Defendants are asserting that the fact that Plaintiff was pro se, had insufficient time to provide proper pre-suit notice after his prior attorney terminated representation, and was ignorant of the law are all insufficient to constitute extraordinary cause.

We find the case now before us on appeal to be distinguishable from the cases discussed above. This is not a situation wherein Plaintiff was proceeding pro se the entire time and simply was ignorant of the law. The record now before us on appeal reveals, as found by the Trial Court, that Plaintiff hired an attorney to handle his suit well before the expiration of the statute of limitations. The record further reveals that Plaintiff's prior counsel then terminated the representation only a few weeks before the expiration of the statute of limitations. This left Plaintiff, who until that time reasonably had expected to be represented by and to rely on counsel, in the unenviable position of either attempting to hire new counsel within a very tight timeframe, filing his suit pro se, or losing his cause of action. Plaintiff chose to file pro se in an attempt to protect his cause of action. He then was able to hire new counsel.

We agree with the Trial Court's assertion that the "Healthcare Liability Act did not contemplate a party, who had hired a lawyer to handle the technical aspects of an action, having to learn the Healthcare Liability Act in two (2) weeks . . . ." We find that the situation in the case now before us is more akin to a situation wherein a lawyer dies "in the days before the filing became necessary," leaving a client suddenly unrepresented just prior to the expiration of the statute of limitations. *Myers*, 382 S.W.3d at 311 (footnote omitted).

We find no abuse of discretion by the Trial Court, and we agree with the Trial Court's determination that termination of representation by Plaintiff's prior legal counsel a few weeks prior to the expiration of the statute of limitations does constitute the type of extraordinary cause contemplated by Tenn. Code Ann. §§ 29-26-121 and 29-26-122. We, therefore, affirm the Trial Court's denial of Defendants' motions to dismiss.

7

## Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for further proceedings consistent with this Opinion and for collection of the costs below. The costs on appeal are assessed against the appellants, West Tennessee Healthcare, Inc. and Jackson-Madison County General Hospital District, and their surety.

_____
D. MICHAEL SWINEY, CHIEF JUDGE