IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 8, 2020

## ADAM PAUL JASINSKIS ET AL. V. DON R. CAMERON, III, ET AL.

**Appeal from the Chancery Court for Williamson County**
**No. 46558     James G. Martin, III, Chancellor**

_____

**No. M2019-01417-COA-R3-CV**

_____

Homeowners sued their builder, asserting claims for violations of the Tennessee Consumer Protection Act of 1977 ("TCPA"), among others. The builder counterclaimed for attorney's fees, contending that the TCPA claims were frivolous, without legal or factual merit, or brought for the purpose of harassment. The trial court denied the builder's motions to dismiss and for summary judgment, and the builder moved to amend its counterclaim to add a claim for attorney's fees based on the parties' purchase and sale agreement. The homeowners nonsuited their claims against the builder before the trial court heard oral argument on the motion to amend, and the trial court subsequently denied the builder's motion to amend. The homeowners then moved to dismiss the builder's counterclaim, and the trial court granted the motion. The builder appeals the trial court's denial of its motions to dismiss and for summary judgment, the denial of its motion to alter or amend, and the dismissal of its counterclaim. We dismiss the appeal of the denial of the builder's motions to dismiss and for summary judgment, and we affirm the trial court's denial of the builder's motion to amend and its dismissal of the builder's counterclaim for attorney's fees.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., P.J., M.S., and RICHARD H. DINKINS, J., joined.

Jeremy R. Hutchison, Nashville, Tennessee, for the appellant, Clark Custom Homes, LLC.

Philip L. Robertson, Franklin, Tennessee, for the appellees, Ramon Guzman and Nakisha Guzman.

**OPINION**

## I. Factual and Procedural Background

This case primarily concerns the TCPA, Tenn. Code Ann. § 47-18-101–132, specifically § 47-18-109(e)(2), which allows a defendant to request reasonable attorney's fees and costs in a private action upon a court's finding that the action was "frivolous, without legal or factual merit, or brought for the purpose of harassment." This appeal involves only two of the original plaintiffs, Ramon and Nakisha Guzman, and only one of the defendants, Clark Custom Homes, LLC ("Clark"). A review of the procedural history of the case is necessary to understand the posture of the case on appeal.

Clark is a construction company that built a residential home in Spring Hill, Tennessee that it sold to the Guzmans on April 28, 2016. Beginning in October 2016, property north of the Guzmans' lot was developed. According to the Guzmans' complaint filed on August 31, 2017, the topography of the newly-developed land was altered, causing excessive storm water to be diverted and to flow through the Guzmans' property following rainstorms. The Guzmans claimed that the water was "toxic and hazardous, containing unknown quantities of agricultural chemicals, construction debris and waste," resulting in environmental hazards which "essentially eliminated the use and enjoyment of their yard[]." The causes of action the Guzmans asserted against Clark included nuisance, negligence, continuing trespass, fraud and misrepresentation, and the violation of two different provisions of the TCPA, Tenn. Code Ann. §§ 47-18-104(b)(21)[1] and (b)(27).[2] Clark filed an answer and counterclaim, asserting it was entitled to an award of its attorney's fees pursuant to Tenn. Code Ann. § 47-18-109(e)(2) "to the extent that Plaintiffs' action is frivolous, without legal or factual merit, or brought for the purpose of harassment."

---

[1]Tennessee Code Annotated section 47-18-104(b)(21) prohibits the following unfair or deceptive acts or practices that affect the conduct of any trade or commerce:

> Using statements or illustrations in any advertisement which create a false impression of the grade, quality, quantity, make, value, age, size, color, usability or origin of the goods or services offered, or which may otherwise misrepresent the goods or services in such a manner that later, on disclosure of the true facts, there is a likelihood that the buyer may be switched from the advertised goods or services to other goods or services.

[2]Tennessee Code Annotated section 47-18-104(b)(27) prohibits the following:

> Engaging in any other act or practice which is deceptive to the consumer or to any other person; provided, however, that enforcement of this subdivision (b)(27) is vested exclusively in the office of the attorney general and reporter.

Clark filed a partial motion to dismiss on October 16, 2017, arguing that the Guzmans' claims for fraud and misrepresentation and for violations of the TCPA lacked factual and/or legal merit. The trial court entered an order denying Clark's motion without prejudice on November 28, 2017. The court did not provide an explanation for its denial of the motion in its order. The parties then engaged in discovery, and Clark filed a motion for summary judgment as to all of the Guzmans' claims against it on November 29, 2018. The Guzmans moved to deny and/or delay the court's consideration of Clark's motion because certain aspects of discovery had been stayed pending the resolution of other issues in the case, and the Guzmans had been unable to complete their discovery with Clark by the time Clark moved for summary judgment. The trial court held a hearing on the parties' motions on January 29, 2019, and it entered an order on February 19, 2019, denying Clark's motion for summary judgment. It wrote that "due to the previous stays of discovery in this case, Plaintiffs have not been afforded an adequate opportunity to conduct discovery."

On March 1, 2019, Clark moved for leave to amend its answer and counterclaim to include a request for attorney's fees based on a provision of the parties' purchase and sale agreement. Six days later, on March 7, 2019, the Guzmans filed a notice of nonsuit of all their claims against Clark, and the trial court entered an order of voluntary dismissal the following day dismissing all of the Guzmans' claims against Clark without prejudice. The trial court held a hearing on Clark's motion to amend its answer and counterclaim on March 26, 2019, and it denied the motion by order entered on April 9, 2019. The court wrote:

> The amendment sought by Clark was to add an additional avenue for recovery of attorney's fees pursuant to the Purchase and Sale Agreement between Clark and the Guzmans in response to Plaintiffs' originally filed lawsuit. The Court opined that as a result of Plaintiffs' March 7, 2019 voluntary non-suit of its claims against Clark that Clark shall not be entitled to amend its Answer and Counterclaim to add the additional avenue for recovery of attorney's fees pursuant to the Purchase and Sale Agreement and may only proceed on its original claim for attorney's fees pursuant to the Tennessee Consumer Protection Act at § 47-18-109(e)(2).

The Guzmans then moved to dismiss Clark's counterclaim, and the court granted the motion on June 6, 2019. The court issued a memorandum and order and wrote, in pertinent part, as follows:

> This matter is before the Court on the Guzmans' Motion to Dismiss Clarks' Counterclaim. The Guzmans argue that Clark's Counterclaim is moot because all of their claims against Clark were voluntarily nonsuited. Clark responds that the Guzmans' Tennessee Consumer Protection Act ("TCPA")

- 3 -

claims were meritless and frivolous and seeks attorney fees pursuant to Tenn. Code Ann. § 47-18-109(e)(2).

. . . .

In the case at bar, the Court denied Clark's Motion to Dismiss. The Court later denied Clark's Motion for Summary Judgment in order for the Guzmans to conduct more discovery. The Guzmans nonsuited their claims a month later. . . . [T]he Guzmans may not have known if Clark was subject to § 47-18-109(b)(21) and may have needed more time to conduct discovery to determine if that section applied to their case. If the Guzmans had not nonsuited their case and rather proceeded to trial, the determination of whether the Guzmans' claims could be considered frivolous may have been different. However, at this stage of the litigation, the Court finds that the Guzmans acted in good faith with their TCPA claims.

The trial court cited *CNB Bancshares, Inc. v. Stonecastle Securities*, No. 3:09-CV-33, 2013 WL 3770960, at *6 (E.D. Tenn. July 16, 2013), for the proposition that a request for an award of attorney's fees follows the litigation of the TCPA claims, and that an award of fees under the statute is not an independent claim. The trial court wrote that because the Guzmans nonsuited their TCPA claims against Clark, the court never reached the merits of the Guzmans' TCPA claims. As a result, the court wrote, "Clark's Counterclaim does not follow litigation of the TCPA claim[s] [and] Clark has not cited any legal authority that would support a finding that the attorney's fee provision may be brought as a stand-alone claim."

Clark then filed a motion to clarify, alter, or amend the judgment. Clark argued that the Guzmans' TCPA claims could not apply to it as a matter of law; therefore, the trial court should have found that the TCPA claims were meritless and frivolous and that Clark was entitled to its attorney's fees for having to defend the TCPA claims. The trial court entered a final order and judgment on July 10, 2019, declining to amend its earlier order dismissing Clark's counterclaim. The court acknowledged that the Guzmans had no basis on which to assert the TCPA claims against Clark because "the particular facts alleged in the Complaint were not applicable to the cited law."[3] However, the court concluded, Clark was not entitled to an award of its attorney's fees pursuant to Tenn. Code Ann. § 47-18-109(e)(2) because the Guzmans voluntarily dismissed their claims against Clark.

---

[3]The court explained: "Tenn. Code Ann. § 47-18-104(b)(21) concerns itself with personal property, whereas Plaintiffs' causes of action are concerned with real property. Tenn. Code Ann. § 47-18-104(b)(27) concerns itself with the claims brought only by the Attorney General – of which Plaintiffs are not."

Clark appeals the trial court's denial of its motion to clarify, alter, or amend the judgment. Clark argues the trial court erred by (1) denying its partial motion to dismiss the Guzmans' TCPA claims and failing to award it attorney's fees pursuant to Tenn. Code Ann. § 20-12-119[4]; (2) denying its motion for summary judgment and failing to award it attorney's fees pursuant to Tenn. Code Ann. § 47-18-109(e)(2); (3) denying its motion to amend its answer and counterclaim to add a claim for attorney's fees based on the parties' purchase and sale agreement; and (4) dismissing its counterclaim for attorney's fees pursuant to the TCPA, Tenn. Code Ann. § 47-18-109(e)(2). In addition, Clark argues that it is the "successful party" in the litigation as that term is defined in Tenn. Code Ann. § 20-12-110 and is, therefore, entitled to an award of costs, including its attorney's fees, pursuant to Tenn. Code Ann. § 20-12-101.

## II. ANALYSIS

### A. Clark's Motions to Dismiss and for Summary Judgment

The record on appeal does not include a transcript of the trial court's hearings on either Clark's motion to dismiss or its motion for summary judgment. The court's order denying Clark's motion to dismiss does not include the reason for its decision, and the order denying Clark's motion for summary judgment indicates that the Guzmans had not had an opportunity to complete their discovery with regard to their claims against Clark by the time Clark moved for summary judgment. The trial court denied Clark's motion for summary judgment without prejudice, so Clark could have refiled its motion once the Guzmans completed discovery of their claims against Clark.

A trial court's denial of a motion for summary judgment is "interlocutory in character" and is not appealable as a matter of right because the decision is not a final judgment. *Williamson Cnty. Broad. Co. v. Williamson Cnty. Bd. of Educ.*, 549 S.W.2d 371, 373 (Tenn. 1977) (citing *Aetna Cas. & Sur. Co. v. Miller*, 491 S.W.2d 85, 86 (Tenn. 1973)); *see* TENN. R. APP. P. 3(a) ("In civil actions every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right."). A trial court's denial of a motion to dismiss is also interlocutory in

---

[4]Tennessee Code Annotated section 20-12-119(c)(1) provides, in relevant part, that:

> [I]n a civil proceeding, where a trial court grants a motion to dismiss pursuant to Rule 12 of the Tennessee Rules of Civil Procedure for failure to state a claim upon which relief may be granted, the court shall award the party or parties against whom the dismissed claims were pending at the time the successful motion to dismiss was granted the costs and reasonable and necessary attorney's fees incurred in the proceedings as a consequence of the dismissed claims by that party or parties. The awarded costs and fees shall be paid by the party or parties whose claim or claims were dismissed as a result of the granted motion to dismiss.

character.  *Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300, 307 (Tenn. 2012); *Reed v. W. Tenn. Healthcare, Inc.*, 577 S.W.3d 534, 536 (Tenn. Ct. App. 2018).  Rules 9 and 10 of the Tennessee Rules of Appellate Procedure describe the procedure for seeking appellate review of interlocutory orders.  Clark does not contend, and the record does not reflect, that Clark sought interlocutory review of the trial court's denial of either its motion to dismiss or its motion for summary judgment.

The procedural posture of the case *Martin v. Washmaster Auto Center, Inc.*, No. 01-A-01-9305-CV-00224, 1993 WL 241315 (Tenn. Ct. App. July 2, 1993), was similar to the present case when it was appealed to the Court of Appeals and is instructive.  The plaintiff in *Martin* filed a negligence action after slipping and falling on the defendant's premises.  *Martin*, 1993 WL 241315, at *1.  The defendant filed a motion for summary judgment, which the trial court denied, and the plaintiff non-suited her action prior to trial.  *Id.*  Like Clark in this case, the defendant in *Martin* sought to appeal the trial court's denial of its motion for summary judgment after the trial court dismissed the plaintiff's action without prejudice.  *Id.*  Concluding that the appeal failed to present a justiciable controversy because the issue raised on appeal was not ripe for review, the *Martin* court wrote:

> Defendants ordinarily cannot appeal from the denial of their motion for summary judgment. The denial of a summary judgment before trial is an interlocutory decision that does not satisfy Tenn. R. App. P. 3(a)'s finality requirement. *Williamson County Broadcasting Co. v. Williamson County Bd. of Educ.,* 549 S.W.2d 371, 373 (Tenn. 1977); *In re Estate of McCord,* 661 S.W.2d 890, 891 (Tenn. Ct. App. 1983). Similarly, the denial of a summary judgment because of genuine factual disputes is not appealable after a trial on the merits. *Hobson v. First State Bank,* 777 S.W.2d 24, 32 (Tenn. Ct. App. 1989); *Tate v. County of Monroe,* 578 S.W.2d 642, 644 (Tenn. Ct. App. 1978).

> Taking a voluntary nonsuit does not render the denial of a summary judgment any more suitable for appellate review. No present controversy exists after the plaintiff takes a nonsuit. The lawsuit is concluded and can only be resurrected if and when the plaintiff recommences the action. The plaintiff's refiling the suit is a contingent event that may not occur. Thus, determining whether the defendant is entitled to a summary judgment after the underlying suit has been dismissed without prejudice would be unnecessary and premature.

*Id.* at *2; *see also Peoples Bank v. Troutman*, No. E2014-01150-COA-R3-CV, 2015 WL 4511540, at *4 (Tenn. Ct. App. July 27, 2015); *Payne v. Savell*, No. 03A01-9708-CV-00352, 1998 WL 46454, at *2-3 (Tenn. Ct. App. Feb. 5, 1998); *Oliver v. Hydro-Vac Servs., Inc.*, 873 S.W.2d 694, 695-96 (Tenn. Ct. App. 1993).

Clark failed to seek interlocutory appeal of either its motion to dismiss or its motion for summary judgment. For the reasons set forth in *Martin* and the other cases cited above, we conclude that Clark has no basis on which to appeal the trial court's denial of these motions and dismiss these aspects of its appeal.[5]

B. Clark's Motion to Amend its Answer and Counterclaim

Clark next argues that the trial court erred by denying its motion to amend its counterclaim to add another ground for its request for attorney's fees. Rule 15.01 of the Tennessee Rules of Civil Procedure provides, in relevant part, that:

> A party may amend the party's pleadings once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been set for trial, the party may so amend it at any time within 15 days after it is served. Otherwise a party may amend the party's pleadings only by written consent of the adverse party or by leave of court; and leave shall be freely given when justice so requires.

In this case the Guzmans did not consent to Clark's request to amend its counterclaim; therefore, Clark could only amend its counterclaim with leave of court. We review a trial court's denial of a motion to amend a pleading under an abuse of discretion standard. *Brown v. Mapco Express, Inc.*, 393 S.W.3d 696, 702 (Tenn. Ct. App. 2012). "A trial court abuses its discretion 'only when it 'applie[s] an incorrect legal standard, or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining.'" *Allen v. Albea*, 476 S.W.3d 366, 373 (Tenn. Ct. App. 2015) (quoting *Eldridge v. Eldridge,* 42 S.W.3d 82, 85 (Tenn. 2001)). "The abuse of discretion standard 'reflects an awareness that the decision being reviewed involved a choice among several acceptable alternatives,' and therefore 'envisions a less rigorous review of the lower court's decision and a decreased likelihood that the decision will be reversed on appeal.'" *Id.* (quoting *Henderson v. SAIA, Inc.,* 318 S.W.3d 328, 335 (Tenn. 2010) (further citations omitted)). When we review a trial court's decision for an abuse of discretion, we do not substitute our judgment for that of the trial court. *Id.* (citing *Myint v. Allstate Ins. Co.,* 970 S.W.2d 920, 927 (Tenn. 1998)).

A trial court is not required to grant a motion to amend "if 'the amendment would have been futile.'" *Sallee v. Barrett*, 171 S.W.3d 822, 830 (Tenn. 2005) (quoting

---

[5]Because we dismiss these parts of Clark's appeal, Clark's contention that the trial court erred in failing to award it attorney's fees pursuant to Tenn. Code Ann. § 20-12-119 based on its motion to dismiss and its contention that the trial court erred in failing to award it attorney's fees pursuant to Tenn. Code Ann. § 47-18-109(e)(2) based on its motion for summary judgment are pretermitted.

*Huntington Nat'l Bank v. Hooker,* 840 S.W.2d 916, 923 (Tenn. Ct. App. 1991)). In this case, Clark filed its motion to amend six days before the Guzmans filed their notice of non-suit. By the time the trial court heard argument on Clark's motion to amend, the court had already entered an order recognizing the Guzmans' voluntary dismissal of all of their claims against Clark.

The reason Clark wanted to amend its counterclaim was to add a claim for attorney's fees based on a provision of the parties' purchase and sale agreement. Paragraph 23 of the parties' agreement stated: "In the event of litigation between the parties to this contract, the prevailing party shall be entitled to recovery of the costs incurred including, but not limited to attorney's fees, from the non-prevailing party." According to our Supreme Court, when a party to a lawsuit takes a voluntary nonsuit, "the rights of the parties are not adjudicated, and the parties are placed in their original positions prior to the filing of the lawsuit." *Himmelfarb v. Allain*, 380 S.W.3d 35, 40 (Tenn. 2012). This is because the trial court "does not consider the merits of a case when a case is dismissed on procedural grounds." *Id.* (citing *Parrish v. Marquis*, 172 S.W.3d 526, 532 (Tenn. 2005)). At issue in *Himmelfarb* was whether a voluntary nonsuit resulted in a favorable termination for the other party for purposes of a malicious prosecution claim. *Id.* at 38. As in this case, the trial court in *Himmelfarb* neither addressed the merits of the plaintiff's claims nor the liability of the defendant. *Id.* at 41. As a result, the *Himmelfarb* plaintiff's voluntary dismissal of his claims against the defendant was not a dismissal on the merits, and neither party ended up as the "prevailing party." *Id.*; *see also Fit2Race, Inc. v. Pope*, No. M2015-00387-COA-R3-CV, 2016 WL 373313, at *5 (Tenn. Ct. App. Jan. 29, 2016). The result is the same here. Once the Guzmans nonsuited their claims against Clark, neither party was a prevailing party. We hold that the trial court did not abuse its discretion when it denied Clark's motion to amend its counterclaim because such amendment would have been futile in light of the Guzmans' voluntary nonsuit of their claims against Clark.

C. Clark's Claim for Attorney's Fees under the TCPA

Clark also argues that the trial court erred in granting the Guzmans' motion to dismiss Clark's counterclaim after the Guzmans nonsuited their claims against Clark. Clark's counterclaim was based upon § 47-18-109(e)(2), which gives a court discretion to award a defendant damages, including attorney's fees, in TCPA cases. That section of the statute provides as follows:

> In any private action commenced under this section, upon finding that the action is frivolous, without legal or factual merit, or brought for the purpose of harassment, the court may require the person instituting the action to indemnify the defendant for any damages incurred, including reasonable attorney's fees and costs.

The language of the statute is clear that before a court may award a defendant damages, including reasonable attorney's fees, the court must first find that the TCPA action is frivolous, without legal or factual merit, or brought for the purpose of harassment. It follows, therefore, that a defendant's request for damages under this section is not a separate cause of action or an independent claim; rather it "follow[s] litigation of the TCPA claim." *CNB Bancshares, Inc. v. Stonecastle Secs.*, No. 3:09-CV-33, 2013 WL 3770960, at *6 (E.D. Tenn. July 16, 2013). Once a plaintiff dismisses his or her TCPA allegations against a defendant, the defendant no longer has a claim for damages pursuant to this section of the TCPA. As the trial court noted in its memorandum and order, it did not rule on Clark's contention that the Guzmans' TCPA claims were frivolous, without legal or factual merit, or brought for the purpose of harassment before the Guzmans nonsuited their action and the court entered an order dismissing the Guzmans' action against Clark.

Clark relies on the trial court's statement in its order denying Clark's motion to clarify, alter, or amend that the Guzmans "had no basis to bring actions pursuant to Tenn. Code Ann. § 47-18-104(b)(21) and (27) as the particular facts alleged in the Complaint were not applicable to the cited law." The court made this statement after the Guzmans nonsuited their claims, however, when the Guzmans' claims against Clark were no longer active. In the case *Rose v. Bushon*, No. E2015-00644-COA-R3-CV, 2016 WL 7786449, at *4 (Tenn. Ct. App. Mar. 28, 2016), we held that the trial court erred when it entered an order disqualifying the plaintiff's attorney and awarding the defendant attorney's fees after the plaintiff nonsuited her lawsuit against the defendant. We wrote: "[I]t was error for the trial court to order the disqualification of plaintiff's counsel and award attorney's fees, after plaintiff had functionally and effectively ended this action by exercising her right to take a voluntary nonsuit." *Id.*; *see also Lemonte v. Lemonte*, No. M2018-02193-COA-R3-CV, 2019 WL 2157646, at *2-3 (Tenn. Ct. App. May 17, 2019) (reversing trial court's judgment granting defendant's motion to dismiss after plaintiff filed notice of nonsuit of all claims against defendant). These cases show that Clark is unable to rely on this statement by the court to show that the court found the Guzmans' TCPA claims to be frivolous, without legal or factual merit, or brought for the purpose of harassment because the statement was made after the Guzmans had nonsuited their claims against Clark. *Cf. Glanton v. Bob Parks Realty*, No. M2003-01144-COA-R3-CV, 2005 WL 1021559, at *8-10 (Tenn. Ct. App. Apr. 27, 2005) (awarding damages to defendant pursuant to § 47-18-109(e)(2) after granting defendant's motion for summary judgment and finding plaintiff's TCPA action to be without legal or factual merit). The Guzmans' nonsuit of all of their claims against Clark and the trial court's order that the claims were dismissed without prejudice placed the parties back where they were before the Guzmans filed their lawsuit against Clark and, thus, precluded any subsequent determination of the merits of any of the Guzmans' claims. *See Himmelfarb*, 380 S.W.3d at 40 (stating that when one party takes a voluntary nonsuit, parties are placed in their original positions prior to the filing of the action).

D.  Clark's Claim for Costs Pursuant to Tenn. Code Ann. § 20-12-101

Clark's final argument is that it is entitled to an award of costs pursuant to Tenn. Code Ann. § 20-12-101, which provides:  "The successful party in all civil actions is entitled to full costs, unless otherwise directed by law or by a court of record, for which judgment shall be rendered."  Tennessee Code Annotated section 20-12-110 states that, for purposes of Tenn. Code Ann. § 20-12-101, a defendant is the successful party "[i]n cases of nonsuit."  The phrase "full costs," as used in Tenn. Code Ann. § 20-2-101, does not, however, include attorney's fees.  *Marshall v. Sevier Cnty.*, 639 S.W.2d 440, 443 (Tenn. Ct. App. 1982); *see also Cracker Barrel Old Country Store, Inc. v. Epperson*, 284 S.W.3d 303, 310 (Tenn. 2009) ("The term 'costs' has not generally been construed to encompass attorney fees.").  Clark cites no authority to support a claim for attorney's fees under this section.

We conclude that Clark is entitled to an award of its trial court costs pursuant to Tenn. Code Ann. § 20-12-101, but it is not entitled to an award of its attorney's fees.  We remand this case for a determination of Clark's costs, which shall be assessed against the Guzmans.

III.  CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded for the purpose of determining the amount of trial court costs to award Clark pursuant to Tenn. Code Ann. § 20-12-101.  Costs of this appeal shall be assessed against the appellant, Clark Custom Homes, LLC, for which execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE